

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,980-01

### EX PARTE ROSS ALLEN HARTWELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-13-904031-A IN THE 390TH DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to sixty years' imprisonment. After reversing and remanding for a new punishment hearing, the Thirteenth Court of Appeals affirmed his conviction. *Hartwell v. State*, 476 S.W.3d 523 (Tex. App.—Corpus Christi-Edinburg 2015); *Hartwell v. State*, No. 13-17-00037-CR (Tex. App.—Corpus Christi-Edinburg May 31, 2018) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because she did not strike or challenge a biased juror and did not correct Applicant's co-defendant's

allegedly false testimony. Applicant also alleges that the State did not disclose an agreement with the co-defendant, who testified for the State and later pleaded guilty to a lesser offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Giglio v. United States*, 405 U.S. 150, 154 (1972). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings determining whether the State suppressed evidence that was exculpatory or could have been used for impeachment of Applicant's co-defendant. If the Court finds that favorable evidence was suppressed it shall make findings detailing whether the evidence was material. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  November 14, 2018
Do not publish